## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

CENTRAL STATES, SOUTHEAST AND )
SOUTHWEST AREAS PENSION FUND; )
and CHARLES A. WHOBREY, as Trustee, )
                   )    Case No. 20 cv 4618
            *Plaintiffs*, )
     v.                     )    Judge
                   )
FCA US LLC, )   Magistrate Judge
a Delaware limited liability company; )
                   )
            *Defendant*. )

## COMPLAINT

Plaintiffs, Central States, Southeast and Southwest Areas Pension Fund and Charles A. Whobrey, one of its present trustees, for a cause of action against Defendant allege as follows:

## JURISDICTION AND VENUE

1.    This action is brought and maintained in accordance with the provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq*., and is a suit to recover employer contributions owed to the Central States, Southeast and Southwest Areas Pension Fund (the "Pension Fund") by Defendant in accordance with applicable collective bargaining and participation agreements, the Pension Fund's rules, and the Pension Fund's Trust Agreement.

2.    This Court has jurisdiction over this action under section 502(e)(1) of ERISA, 29 U.S.C. § 1132(e)(1).

3.    Venue lies in this Court under section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), in that the Pension Fund is an "employee benefit plan" as that term is defined in ERISA and is administered at its principal place of business in Chicago, Illinois. Venue is also proper in this Court pursuant to the forum selection clause contained in the Pension Fund's Trust Agreement

(the "Trust Agreement"), which designates this district as the appropriate forum for lawsuits to collect unpaid contributions.

## PARTIES

4.      The Pension Fund is an employee benefit plan and trust, with its principal and exclusive office located at 8647 West Higgins Road in Chicago, Illinois.

5.      The Pension Fund is primarily funded by contributions remitted by multiple participating employers pursuant to negotiated collective bargaining agreements with local unions affiliated with the International Brotherhood of Teamsters ("IBT") on behalf of employees of those same employers. All principal and income from such contributions and investments thereof is held and used for the exclusive purposes of providing pension benefits to participants and beneficiaries of the Pension Fund and paying the administrative expenses of the Pension Fund.

6.      Plaintiff Charles A. Whobrey is a present trustee and "fiduciary" of the Pension Fund, as that term is defined in ERISA. Pursuant to section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), Charles A. Whobrey is authorized to bring this action on behalf of the Pension Fund and its participants and beneficiaries in his capacity as a trustee and fiduciary.

7.      Defendant FCA US LLC ("FCA") is a limited liability company organized under the laws of the State of Delaware. FCA is an "employer" and a "party-in-interest" as those terms are defined by sections 3(5) and 3(14)(C) of ERISA, 29 U.S.C. §§ 1002(5) and 1002(14)(C).

## BACKGROUND INFORMATION

8.      Local Union No. 618 ("Local 618") of the IBT is a labor organization which represents, for the purpose of collective bargaining, certain employees of FCA and employees of other employers in industries affecting interstate commerce.

9.     For all relevant times, FCA has been bound by collective bargaining agreements ("CBAs") with Local 618, pursuant to which FCA has been required to make contributions to the Pension Fund on behalf of certain of its covered employees.

10.     For all relevant times, FCA and Local 618 have also been bound by a participation agreement, which requires FCA to make contributions to the Pension Fund on behalf of certain of its covered employees.

11.     FCA agreed to be bound by the terms of the Trust Agreement and all rules and regulations promulgated by the Trustees under the Trust Agreement.

12.     Under the Trust Agreement, FCA was required to "remit continuing and prompt contributions to the [Pension Fund] as required by the applicable collective bargaining agreement . . ."

13.     Article XIV, Section 4 of the Trust Agreement provides, in part, that:

> Non-payment by an Employer of any moneys due shall not relieve any other Employer from its obligation to make payment. In addition to any other remedies to which the parties may be entitled, an Employer shall be obligated to pay interest on any Employer Contributions due to the Trustees from the date when the payment was due to the date when the payment is made, together with all expenses of collection incurred by the Trustees, including, but not limited to, attorneys' fees and such fees for late payment as the Trustees determine and as permitted by law. The interest payable by an Employer with respect to past due Employer Contributions (other than withdrawal liability) prior to the entry of a judgment, shall be computed and charged to the Employer (a) at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which the interest is charged, *or* (b) at an annualized interest rate of 7.5% (whichever is greater). . . . Any judgment against an Employer for Employer Contributions owed to this [Pension Fund] shall include the greater of (a) a doubling of the interest computed and charged in accordance with this section or (b) single interest computed and charged in accordance with this section plus liquidated damages in the amount of 20% of the unpaid Employer Contributions. The interest rate after entry of a judgment against an Employer for Employer Contributions (other than

withdrawal liability) shall be due from the date the judgment is entered until the date of payment, shall be computed and charged to the Employer on the entire judgment balance (a) at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which the interest is charged, *or* (b) at an annualized interest rate of 7.5% (whichever is greater), and such interest shall be compounded annually.

14. The Pension Fund relies upon participating employers to self-report the work history of eligible employees. The self-reporting system requires participating employers to identify those employees for whom contributions are owed and requires the employers to identify the weeks worked by the covered employees. Based upon the employee work history reported by the employers, the Pension Fund bills the employers for contributions.

15. Article XIV, Section 12 of the Trust Agreement provides that:

An Employer shall be required to pay audit fees and audit costs if litigation is required to obtain access to any records that are requested in connection with an audit and/or if litigation is required to collect additional billings that result from the audit. Audit fees will be calculated at the market rate for the metropolitan Chicago area.

## STATUTORY AUTHORITY

16. Section 515 of ERISA, 29 U.S.C. § 1145, provides:

Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

17. Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2) provides:

In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan--

(A) the unpaid contributions,

(B) interest on the unpaid contributions,

(C)      an amount equal to the greater of--

          (i)      interest on the unpaid contributions, or

          (ii)      liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),

(D)      reasonable attorney's fees and costs of the action, to be paid by the defendant, and

(E)      such other legal or equitable relief as the court deems appropriate.

For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of Title 26.

## STATUTORY AND CONTRACTUAL VIOLATIONS

18.      Plaintiffs hereby reallege and incorporate each and every allegation made in paragraphs 1 through 17 of this Complaint as though fully set forth herein.

19.      Pursuant to Article III, Section 5 of the Trust Agreement, the Pension Fund is permitted to audit work history records of participating employers in order to verify the accuracy and completeness of the reported employee work history submitted as part of the self-reporting system.

20.      The Pension Fund audited FCA's records to verify the accuracy and completeness of employee work history reported to the Pension Fund by FCA during the period of January 1, 2012 through September 29, 2018.

21.      The audit revealed that FCA had failed to accurately report the work history of its covered employees.

22.      FCA breached the provisions of ERISA, the collective bargaining and participation agreements, the Pension Fund's rules, and the Trust Agreement by failing to pay all of the

contributions (and interest due thereon) owed to the Pension Fund for the period of January 1, 2012 through September 29, 2018.

23.　　FCA owes the Pension Fund at least $316,255.60 for unpaid contributions (not including interest) for the period of January 1, 2012 through September 29, 2018, as a result of the conduct set forth in paragraph 22.

24.　　The Pension Fund previously demanded that FCA pay the delinquent amounts set forth in paragraph 23, but FCA has not paid those amounts or any portion thereof.

25.　　Upon information and belief, FCA also owes additional unpaid contributions for the period of September 29, 2018 through the present in an amount that cannot be calculated with specificity at this time. The Pension Fund anticipates that it will be able to determine and calculate this amount with specificity during the course of discovery in this action.

26.　　Under the Trust Agreement, employers who fail to pay amounts revealed to be owed by an audit are required to pay all costs incurred in connection with the audit.

**WHEREFORE**, Plaintiffs request the following relief:

(a)　　A judgment against Defendant in favor of Plaintiffs, pursuant to section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), and under the Trust Agreement, for:

> (i)　　the unpaid contributions owed to the Pension Fund by Defendant;
>
> (ii)　　interest on the unpaid contributions computed and charged at the greater of (a) an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which the interest is charged, or (b) an annualized interest rate of 7.5%;
>
> (iii)　　an amount equal to the greater of interest on the unpaid contributions or liquidated damages of 20% of the unpaid contributions;

(iv)     attorney's fees and costs; and

(v)     audit fees and costs.

(b)     Post-judgment interest computed and charged on the entire balance of the judgment at the greater of (i) an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which the interest is charged, or (ii) at an annualized interest rate of 7.5%, and with said interest to be compounded annually; and

(c)     For such further or different relief as this Court may deem proper and just.

Respectfully submitted,

*/s/ Lois J. Yu*
Lois J. Yu (ARDC #6321772)
CENTRAL STATES FUNDS
Law Department
8647 W. Higgins Road, 8th Floor
Chicago, Illinois 60631
(847) 939-2116
lyu@centralstatesfunds.org

August 6, 2020                                          *ATTORNEY FOR PLAINTIFFS*